# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Cr. No. 2:15-cr-20154-JTF |
| LAQUINTON PERRY, | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is the Defendant LaQuinton Perry's Motion to Suppress All Evidence, Physical and Testimonial filed on October 8, 2015. (ECF No. 23). On October 9, 2015, the undersigned Court referred the motion to suppress to the United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B). (ECF No. 25). On October 15, 2015, the Government filed its Response to Defendant's motion to suppress to which the Defendant filed a reply on October 21, 2015. (ECF No. 26 and ECF No. 28). On November 24, 2015, the Magistrate Judge conducted an evidentiary hearing wherein testimony of one Government witness, Fayette County Sheriff's Detective Jason Drewery, and arguments of counsel were heard. The matter was taken under advisement. (ECF No. 33 and ECF No. 34; Transcript, ECF No. 36). On November 30, 2015, the United States filed a Supplemental Memorandum, ECF No. 35, and on December 2, 2015, and December 3, 2015, the Defendant

1

filed his Supplemental Memorandum and Amended Supplemental Memorandum in response to the Court's evidentiary hearing.[1] (ECF No. 38 and ECF No. 39).

On January 7, 2016, the Magistrate Judge issued her report and recommendation that Defendant's motion to suppress should be denied. (ECF No. 40). On February 3, 2016, the Defendant filed objections to the report and recommendation. (ECF No. 44). On February 16, 2016, the Government filed a Response in Opposition to the Defendant's Objections. (ECF No. 47). Upon a *de novo* review of the motion to suppress, the response and reply thereto, Magistrate Judge's report and recommendation, the Defendant's objections and the Government's response thereto, the transcript of the evidentiary hearing, the Court finds that the report and recommendation should be adopted and the Defendant's Motion to Suppress Denied.

## STANDARD OF REVIEW

A United States District Court Judge may designate a United States Magistrate Judge to conduct evidentiary hearings and submit proposed findings of fact and conclusions of law for certain motions, including motions to suppress evidence in criminal cases pursuant to 28 U.S.C. § 636(b)(1)(B). *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject, or modify in whole or in part, the

---

[1] Following the evidentiary hearing, the Magistrate Judge allowed the parties to brief whether she could take into consideration any information orally communicated to General Sessions Judge Gallagher that was outside the four corners of the affidavit in order to obtain the search warrant in making her recommendation on the motion to suppress. (Transcript, ECF No. 36, p. 45 and Briefs, U.S. Supplemental Memorandum, ECF No. 35, and Defendant's Supplement and Amended Supplemental Memorandum, ECF Nos. 38 and 39). The Government's position was that oral statements made by a state law enforcement officer supplementing an affidavit for a search warrant, and showing that the Defendant and his girlfriend lived in Apartment 4, could be considered by the magistrate court. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 482 (6th Cir. 2006) and *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992) and ECF No. 35, p. 3. Defendant's position is that a reviewing court is limited to only the four corners of the affidavit as written in determining whether there was probable cause to issue the warrant. *United States v. Archibald*, 685 F.3d 553, 556-57 (6th Cir. 2012) and *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010); ECF No. 38, pp. 2-4. The Defendant goes so far as to suggest an evidentiary hearing may be needed to question whether Judge Gallagher recalls whether Lt. Drewery made any additional sworn statements to him in order to obtain the search warrant at issue.

Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den.*, 448 U.S. 916 (1980). See 28 U.S.C. § 636 (b)(1)(B).

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate's report and recommendation to which specific objections are made regarding the dispositive matters contained the report and recommendation. *Id.* at 674-675. While most actions by a Magistrate Judge are reviewed for clear error, proposed recommendations on motions to suppress evidence in criminal matters are subject to *de novo* review. *U.S. v. Quinney,* 238 Fed. Appx. 150, 152 (6th Cir. 2007); U.S. v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001)(holding that a magistrate judge's ruling on dispositive motions such as those for summary judgment or the suppression of evidence must be reviewed *de novo* by the district court).

## **FINDINGS OF FACT**

The record in this cause indicates that on December 5, 2014, a state General Sessions Court judge issued the search warrant at issue. The affidavit supporting the warrant provides as follows:

> AFFIDAVIT FOR SEARCH WARRANT
> STATE OF TENNESSEE
> COUNTY OF FAYETTE
>
> Personally appeared before me, Lt. Jason Drewery Fayette County Sheriff's Department and makes the oath that he has reason to believe that there is probable cause for believing that, LaQuintin (sic) Perry aka "Q" and April Worles are in possession of the following described property, to-wit: illegal narcotics marijuana and drug paraphernailia (sic) contrary to the laws of the State of Tennessee, . . . . And his reason for such belief is that affiant has had anonymous complaints of drug sales from concerned citizens living in the apt. complex. The first complaint being around Oct. 10th 2014. Complainant advised that Laquintin (sic) Perry along with girlfriend April Worles were selling drugs from the apt. complex and from a black impala. Laquintin (sic) Perry has had multiple charges in the past for M/S/D controlled substances. And is a know (sic) drug dealer, by Lt. Drewery. Beginning on Oct. 15th Lt. Drewery began intermittent surveillance on the apt. complex, all hours of the day. Lt. Drewery observed large amounts of traffic by vehicle and foot to and from the complex. This surveillance continued through Dec. 3rd 2014. During this time Lt. Drewery oserved (sic) multiple vehicles and foot traffic to the apt. #4. Subjects

would go in for 1-2 minutes and leave. Lt. Drewery has observed male white and male black subjects parking in the Gurkins Store lot and walking to the chain link fence area. At this time they were seen exchanging money and packages which appeared to be marijuana to and from Laquintin (sic) Perry and other unknown male blacks. During surveillance Lt. Drewery observed an unknown male black exit the apt. #4 and walk to the complex parking lot. Lt. Drewery observed a male black take a clear plastic baggie from his front right pocket, got out an amount of marijuana which was packaged in separate baggies, made an exchange with a male black in a red Ford Mustang, tag unknown. This subject then returned to apt. #4 and went back inside. During this same time Lt. Drewery observed Laquintin (sic) Perry come out of apt. #4 and walk to the parking lot of the complex. Perry approached a Ford Explorer that had pulled into the lot. Perry got into the passenger side of the vehicle. Lt. Drewery observed Perry exchange a package with a female blk in the vehicle. Once the exchange was made Perry went back into apt. #4. Lt. Drewery has observed Perry and Worles making several quick trips in the black Impala, all throughout the day. Most trips being to the convenient stores. Lt. Drewery has observed Perry drive directly from the apt. and go to the gas express where he was observed making an exchange with a male white from the black Impala and returning to apt. []4 without going into the store to make a purchase. Lt. Drewery has had an anonymous tip that April Worles was transporting and selling drugs with Laquinton Perry. Lt. Drewery has verified that the utilities to apt. #4 are in April Worles name. And the black Impala TN tag #682VYR is registered to Worles. Laquintin (sic) Perry and April Worles along with a small child have been observed going in and out of Apt. #4. Lt. Drewery observed both subjects with keys making entry into the apt. #4. With Lt. Drewery's experience, all of these observations are cosistant (sic) with the sale of illegal narcotics. Lt. Drewery has been given information that Perry is a Superior with the Vice Lord Gang. Therefore citizens feel threatened by Perry. Affiant therefore asks that a warrant be issued to search the person(s) and premises of the said Laquinton Perry/April Worles as above described in said County, where he/she believes said illegal narcotics marijuana and drug paraphernalia is/are now possessed, contrary to the Laws of the State of Tennessee.

(ECF No. 26-1).

The proposed findings of fact in the Magistrate Judge's report and recommendation consist of the statements contained in the affidavit that were confirmed by Lt. Drewery's testimony at the evidentiary hearing. The Magistrate Judge's proposed findings of fact in this case are as follows: Lieutenant Jason Drewery, a/k/a Investigator Drewery and Detective Drewery, ("Lt. Drewery"), is a member of the Fayette County Sheriff's Department who is assigned to the Twenty-Fifth Judicial Drug Task Force. On October 10, 2014, Lt. Drewery received an anonymous tip from a female caller that Defendant LaQuinton Perry and his girlfriend were involved in drug activity at Apartment 4 at West Market Street in Somerville,

Tennessee. The lieutenant was familiar with Perry based on his work in law enforcement. As a result of the call, Lt. Drewery began an investigation of Perry on October 15, 2014, which included intermittent surveillance of the apartment complex. During his surveillance efforts, Lt. Drewery observed the Defendant at other apartments in the complex, as well as, in and out of Apartment 4 while construction was taken place within that unit. Based on his surveillance, Lt. Drewery concluded that the Defendant was selling illegal narcotics from the apartment complex. As a result, Lt. Drewery prepared an affidavit to present to Judge Gallagher in Fayette County General Sessions Court in order to obtain a search warrant of Apartment 4. Based on the information provided in the affidavit, Judge Gallagher concluded that there was not a direct connection between Perry and the apartment. As such, Judge Gallagher refused to issue a search warrant at that time.

Lt. Drewery continued his investigation of Perry through December 3, 2014. He returned to Judge Gallagher on December 5, 2014, reporting that he had witnessed three or four drug transactions on December 3rd and that the utilities for Apartment 4 were in Perry's girlfriend's name, April Worles. The affidavit listed several reasons for his belief that Perry was involved in drug sales - his observations of drug transactions around or nearby the apartment or within the surrounding apartment complex, instances of drug sales near a black Impala that is registered to April Worles, and exchanges of money and packages from Perry to other persons in the Gurkins store parking lot. On December 5, 2014, Judge Gallagher issued a search warrant for the apartment and the black Impala. Before executing the warrant, Lieutenant Drewery observed further "activity," saw Defendant "serving an individual in Somerville, Tennessee," and was later informed that an individual was the subject of a traffic stop where narcotics were recovered who stated that he had purchased the narcotics from Defendant. (T. at 38-39). However,

Lieutenant Drewery did not return to Judge Gallagher to "supplement" his Affidavit based upon this observation. (T. at 39 and Report and Recommendation, ECF No. 40, pp. 7-8).

The search warrant was executed on December 9, 2014, wherein 28 grams of powder cocaine, 3.6 grams of crack cocaine, 1.2 pounds of marijuana, 10 hydrocodone pills, $1,040 in U.S. currency, a white LG Smart Phone, a grey digital scale, and a Swisher Sweet were recovered. (ECF No. 26-1, p. 3). Pursuant to the search, a grand jury returned a one-count indictment on June 16, 2015, charging Perry with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 846. (ECF No. 1).

Although there are references to evidence outside the four corners of the affidavit, the Magistrate Judge clearly indicated that only the information contained within the affidavit would be considered in making her recommendation as to whether probable cause existed:

> As stated above, *see, supra*, n.6, the Court permitted testimony regarding evidence presented to Judge Gallagher that was not included in the Affidavit allowed the parties to file post-hearing briefs as to whether that testimony should be considered in the Report and Recommendation on this motion. The Court summarized the information in its Proposed Findings of Fact.
>
> Upon review, the general rule is that only the information contained within the four corners of the affidavit should be considered when reviewing the issuing magistrate's probable cause determination. However, the Court need not further address this issue and whether any exception applies that would permit this testimony to be considered, as the Court ultimately recommends that the information contained within the Affidavit was sufficient for the issuing magistrate to have a substantial basis for determining that probable cause existed.

(ECF No. 40, p. 9, n. 8).

## **LEGAL ANALYSIS**

"Probable cause is described as a fair probability-not an absolute certainty-that evidence of the crime will be found at the location." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A court

reviews the determination of probable cause made by a judge with great deference and will reverse the decision only when arbitrarily made. *U.S. v. Johnson*, 351 F.3d 254, 258 (6th Cir. 2003). In reviewing the sufficiency of the evidence supporting probable cause, the Court is limited to examining the information contained within the four corners of the affidavit but must examine said information in light of the "totality of the circumstances." *U.S. v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2014), quoting, *Illinois v. Gates*, 462 U.S. at 239.

On October 8, 2015, Perry filed his motion to suppress evidence seized on December 5, 2014, as a result of the search warrant executed at Apartment 4. (ECF No. 39, pp. 2-3). Perry argues that the evidence seized during the search should be suppressed because the search warrant was premised on stale information that rendered the warrant invalid and insufficient for a finding of probable cause because: 1) neither the affidavit or warrant specified dates or times in which the alleged illegal activities occurred; 2) the issuing court failed to corroborate the older information with the more recent information including dates, and 3) the affidavit failed to denote the duration of the criminal activity as ongoing and continuous in nature. Perry also contends that the confidential informant's tip was not supported by substantial independent police corroboration and that the Magistrate Judge misinterpreted case law. (ECF No. 23, pp. 5-10).

### Objections to the Report and Recommendation

1. Consideration of Facts Outside the Search Warrant Affidavit

Objecting to the proposed findings of fact, Perry asserts that under *U.S. v. Brooks*, 594 F.3d 488, 492 (6th Cir. 2010) and *U.S. v. Login*, 777 F.2d 336, 3338 (6th Cir. 1985), the Magistrate Judge erred in considering facts outside the four considers of the affidavit in her proposed findings of fact. (ECF No. 44, pp. 1-3). Perry contends, in pertinent part, that the

7

"recitation of Lieutenant Drewery's testimony, information allegedly communicated to Judge Gallagher, his attempted explanations of the affidavit's deficiencies, i.e. knowledge of Mr. Perry's alleged criminal history, communication from other officers, view of actual criminal activity on December 3, 2014," was outside the four corners of the affidavit, and was improperly included in the proposed factual findings. (ECF No. 44, p. 3). Accordingly, Perry objects and urges the Court to limit its factual findings to the information contained in the affidavit. (ECF No. 44, p. 3). The Government responds that the Magistrate Judge correctly relied only on facts contained in the affidavit. (ECF No. 47, p. 4).

The Court agrees to some degree with the Defendant. The Court has reviewed *de novo* the affidavit underlying the search warrant in this case. (ECF No. 26-1, pp. 1-3). The Magistrate Judge's report contains references to facts that are outside of the affidavit. However, it is clear from her analysis that the Magistrate Judge did not consider these facts in making her proposed conclusions of law and final recommendation. The Court will limit its factual findings to those described in the affidavit. As such, the Defendant's objection in this regard is granted.

2. Continuous and Ongoing Illegal Drug Activity

The Defendant objects to the Magistrate Judge's conclusion that information contained in the search warrant affidavit was evidence of a continuous and ongoing illegal drug business, and justified the Magistrate Judge's finding of probable cause. The Defendant challenges the Magistrate Judge's conclusion that there was significant evidence *recently* obtained of continuous and ongoing illegal drug activity because the affidavit does not indicate when the criminal activity actually occurred. (emphasis included in objection). The Defendant also objects to the Magistrate Judge's finding that Lt. Drewery's observations of criminal activity amounted to a continuous drug operation and fails to meet the in-depth showing of an

"entrenched, secure operational base," at Apartment 4 on December 5, 2014. (ECF No. 44, pp. 3, 5-7). Perry argues that "without dates and times, the Magistrate Judge could not reasonably determine whether the information submitted to the issuing judge occurred after November 10th, when it is apparent Mr. Perry was a resident of Apartment 4, or before November 10th when he was merely a visitor on the premises." (*Id.* at pp 4-5). The Government listed nine factors identified by the Magistrate Judge that support a finding of continuous and entrenched criminal activity. (ECF No. 47, p. 5).

The Court has reviewed the search warrant affidavit and finds there is substantial evidence within the four corners of the affidavit that a continuous and ongoing drug operation was being conducted out of the apartment that was ultimately searched. The surveillance outlined in the affidavit began on October 15, 2014, and continued through December 3, 2014. It provides the nexus between alleged drug activity and Apartment 4, Perry and Worles' movements to and from Apartment 4, the extensive traffic on foot and by car near Apartment 4 and the exchanges of money and packages, or drug transactions, from Perry to others. It speaks of frequent trips to the black Impala as well as to convenient stores without entering these stores for purchases and then the return to Apartment 4 afterwards. See *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988)("Information which demonstrates a chain of related events covering a broad span of time continuing to the current period may furnish the most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists for the order to intrude.") See also *U.S. v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008).

The facts underlying this affidavit involve a span of less than three months prior to the execution of the warrant on December 9, 2014. Although the dates of the observed drug buys with Perry and the heavy foot and automobile traffic are not specified within the affidavit, the

observation of numerous and frequent incidents of clear drug activity occurred through December 3, 2014.  Viewing the totality of the circumstances presented in this case, it is clear that a continuous and ongoing drug operation was underway.  The objection that the affidavit is insufficient for failure to include specific surveillance dates to establish an ongoing and continuous drug operation is overruled.

Finally, the Defendant asserts that the Magistrate Judge erroneously applied case law to the question of probable cause.  (ECF No. 44, pp. 6-7).  The Defendant insists that the Magistrate Judge has failed to conduct an appropriate comparative analysis in accordance with *United States v. Spikes,* 158 F.3d 913, 923 (6th Cir. 1998) and *United States v. Greene*, 250 F.3d 471, 481(6th Cir. 2001).  The Defendant references a case wherein an affiant relied on a reliable and prudent informant to establish probable cause for a warrant.  *United States v. Harris*, 403 U.S. 573, 578 (1971). The affidavit in this case does not include information provided by a confidential informant.  Moreover, the Magistrate Judge properly analyzed all of the incidents reported on the affidavit, finding they are recent enough to avoid staleness and establish a nexus between the criminal activity observed and the place and vehicle to be searched.  (ECF No. 40, pp. 10-13); *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) and *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998).   Therefore, the Defendant has also failed to demonstrate how the Magistrate Judge misinterpreted the case law. Thus, this objection is also overruled.

After reviewing *de novo* the Magistrate Judge's report and recommendation and the entire record in this case, the Court finds that the Magistrate Judge's report and recommendation should be adopted.  Accordingly, Defendant's Motion to Suppress, ECF No. 39, is DENIED.

**IT IS SO ORDERED** on this 10th day of March, 2016.

                                                        ***s/John T. Fowlkes, Jr.***
                                                        JOHN T. FOWLKES, JR.
                                                        UNITED STATES DISTRICT JUDGE